**UNITED STATES of America,**
**Appellee,**

v.

**Real GAGNON, Defendant–Appellant.**

**No. 07–2638–cr.**

United States Court of Appeals,
Second Circuit.

June 19, 2008.

Barbara A. Masterson (Gregory L. Waples, on the brief), Assistant United States Attorneys, for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

Michael L. Desautels, Federal Public Defender (Robert A. Fellrath, Assistant Federal Public Defender, on the brief), Burlington, VT, for Defendant–Appellant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Circuit Judge, and Hon. BARBARA S. JONES, District Judge.*

## SUMMARY ORDER

Real Gagnon appeals from a judgment of conviction entered by the United States District Court for the District of Vermont (Murtha, *J.* ) on May 30, 2007. Gagnon challenges as an abuse of discretion the district court's denial of his Rule 33 motion seeking a new trial on the grounds of juror misconduct. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. The district court's denial of a Rule 33 motion is reviewed for abuse of discretion. *See United States v. Stewart,* 433 F.3d 273, 303 (2d Cir.2006).

The district court's finding of no misconduct was not clearly erroneous. *See United States v. Wong,* 78 F.3d 73, 78 (2d Cir.1996) (noting that we review the court's factual findings for clear error). Gagnon argues that the former juror's testimony was inconsistent with other record evidence. That is altogether unclear. In any event, our review of the record does not leave us "with a definite and firm conviction that a mistake has been committed." *McAllister v. United States,* 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

Gagnon challenges the district court's handling of the post-trial inquiry into alleged juror misconduct. We review for abuse of discretion. *See United States v. Abrams,* 137 F.3d 704, 708 (2d Cir.1998). The district court correctly took "full control of the matter when it [was] first brought to [its] attention," *United States v. Moten,* 582 F.2d 654, 666 (2d Cir.1978), and began to "supervis[e] [the] investigation," *id.* "The object of the proceeding is to permit the truth to be discovered with the least possible harm to other interests." *Id.* Consistent with that direction, the district court (1) barred both parties from further contact with the former juror before the evidentiary hearing and (2) directed questioning of the former juror in court. This was not an abuse of discretion.[1] The record does not support Gagnon's assertion that the district court prohibited Gagnon from interviewing Christopher Relation absent a representative of the government: the district court's statement was phrased in terms of a suggestion for a joint interview.

The district court did not abuse its discretion by declining to hear further evidence after the former juror testified. *See United States v. Ianniello,* 866 F.2d 540, 544 (2d Cir.1989) (noting that the "scope [of the evidentiary hearing] should be limited to only what is absolutely necessary to determine the facts with precision[,]" and mandating that, while the jurors who had already come forward with affidavits should be called to testify, "[t]he rest of the jurors ... should be examined only *if the district court conducting the hearing determines, in its discretion, that such*

---

* The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

1. Gagnon's post-verdict contact with the former juror was wholly inappropriate. Gagnon's lawyer commenced his investigation without giving notice to either the court or to

opposing counsel. *See Moten,* 582 F.2d at 665–66 ("At a minimum ... we think notice to opposing counsel and the court should be given in all cases."). The court was made aware of the improper investigation only when the juror notified the district court that Gagnon had contacted him.

*testimony is needed*" (emphasis added)); *see also United States v. Sun Myung Moon,* 718 F.2d 1210, 1234 (2d Cir.1983) ("[I]n the course of a post-verdict inquiry on [improper jury influence], when and if it becomes apparent that the ... reasonable grounds to suspect prejudicial jury impropriety do not exist, the inquiry should end.").

We have considered Gagnon's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.